IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BENNIGAN'S FRANCHISING          §
COMPANY, LLC,                   §
                                §
                    Plaintiff,  §
                                §   Civil Action No. 3:11-CV-0364-D
VS.                             §
                                §
TEAM IRISH, INC., et al.,       §
                                §
                    Defendants. §

MEMORANDUM OPINION
AND ORDER

Following the settlement of this litigation, each side moves for an award of attorney's

fees.   The court concludes that plaintiff Bennigan's Franchising Company, LLC

("Bennigan's") is entitled to recover certain attorney's fees, but that because it has failed to

segregate the fees incurred pursuing claims on which it did not recover, it must file a

supplemental fee application.  The court denies defendants' motion for attorney's fees.

I

This is a settled lawsuit brought by plaintiff Bennigan's against defendants Team

Irish, Inc. ("Team Irish"), BENN of Channelside, Inc. ("Channelside"), James A. Tully

("Tully"), and Mitchell J. Walker ("Walker").  In 2004 Bennigan's and Team Irish entered

into a development agreement ("Development Agreement") that granted Team Irish

exclusive and non-exclusive rights to develop Bennigan's restaurants in various locations and

that required Team Irish to open three BENNIGAN'S brand restaurants by November 2009.

Tully and Walker formed Channelside for the purpose of opening the first BENNIGAN'S

restaurant.  Channelside entered into a franchise agreement with Bennigan's ("Franchise Agreement") that granted Channelside the right to operate a BENNIGAN'S franchise in exchange for royalty fees.  The Franchise Agreement also included a post-termination covenant that prohibited Channelside from operating a competitive business.  Tully and Walker, as principals and equal shareholders in Team Irish and Channelside, personally guarantied Team Irish's obligations by executing a Development Agreement Guaranty ("Development Guaranty"), and they guarantied Channelside's obligations by executing a Franchise Agreement Guaranty ("Franchise Guaranty").

Bennigan's later sued defendants, asserting claims for breach of the Development Agreement, the Development Guaranty, the Franchise Agreement, the Franchise Guaranty, and a covenant not to compete, as well as for trade secret misappropriation and an accounting.  It alleged, *inter alia*, that defendants failed to pay royalty fees, as required by the Franchise Agreement, failed to open additional restaurants, as required by the Development Agreement, closed their BENNIGAN'S franchise, reopened the restaurant under a new name, in violation of the Franchise Agreement's covenant not to compete, and continued to use the Bennigan's franchise model to operate the new restaurant.  Among other damages, Bennigan's sought $117,957.62 in past due royalty payments under the Franchise Agreement and $65,000 in initiation payments due when Team Irish was to have opened two additional restaurants pursuant to the Development Agreement.

In May 2011 the court entered an agreed final judgment ("Agreed Judgment") awarding Bennigan's $117,957.62 plus post-judgment interest and permitting Bennigan's to

seek attorney's fees by a timely-filed post-judgment motion.  Bennigan's then filed the instant application for attorney's fees.  Defendants responded in opposition and filed their own fees application, which Bennigan's opposes.

## II

The court denies defendants' application for attorney's fees, at least for the reason that it is untimely.  Under Fed. R. Civ. P. 54(d)(2)(B)(i), a motion for attorney's fees must be filed no later than 14 days after the entry of judgment.  The court entered the Agreed Judgment on May 19, 2011.  Defendants did not file an application for attorney's fees until June 30, 2011,[1] more than 14 days after the Agreed Judgment was entered.  Because "failure to file within the allotted period serves as a waiver of [defendants'] claim for attorneys' fees," *United Indus., Inc. v. Simon-Hartley, Ltd.,* 91 F.3d 762, 766 (5th Cir. 1996), the court denies defendants' motion.

## III

The court now turns to the motion for attorney's fees filed by Bennigan's.

## A

Bennigan's contends that it is entitled for these reasons to attorney's fees and costs: (1) the Development Agreement authorized Bennigan's to pursue attorney's fees against

---

[1]Defendants filed their application when they responded to the motion filed by Bennigan's.  The court considers defendants' response because it was timely, even though defendants' fee application was not.

Team Irish,[2] and Walker and Tully personally guaranteed Team Irish's obligations under the

agreement;[3] (2) the Franchise Agreement entitled the party prevailing in a proceeding

asserting a claim for amounts owed or enforcing the Franchise Agreement to costs and

expenses,[4] and Walker and Tully personally guaranteed Channelside's obligations under the

---

[2]Article 8.8 of the Development Agreement provides: "Nothing in this ARTICLE 8 will preclude FRANCHISOR [Bennigan's] from seeking other remedies under state or federal law or under this Agreement against the FRANCHISEE [Team Irish] including . . . attorneys' fees[.]" P. App. 78.

[3]The Development Guaranty signed by Walker and Tully provides:

> Further, the undersigned . . . hereby agree to be personally bound by each and every condition and term contained in the Development Agreement and agree that this Personal Guaranty will be construed as though the undersigned and each of them executed an agreement containing the identical terms and conditions of the Development Agreement.
>
> If any default should at any time be made therein by the FRANCHISEE [Team Irish], then the undersigned . . . do hereby, individually, jointly and severally, promise and agree to pay to FRANCHISOR [Bennigan's] all monies due and payable to FRANCHISOR [Bennigan's] under the terms and conditions of the Development Agreement.

*Id.* at 91-92.

[4]Section 20.F of the Franchise Agreement states:

> If a claim for amounts owed by Franchisee [Channelside] to Franchisor [Bennigan's] or any of its affiliates is asserted in any legal proceeding before a court of competent jurisdiction or arbitrator, or if Franchisor [Bennigan's] or Franchisee [Channelside] is required to enforce this Agreement in a judicial or arbitration proceeding, the party prevailing in the proceeding shall be entitled to recover from the other party the prevailing party's costs and expenses incurred, including reasonable accounting and legal fees.

- 4 -

agreement;[5] (3) the Agreed Judgment expressly provided Bennigan's the right to seek attorney's fees;[6] and (4) it is mandatory under Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West 2008) for a prevailing party in a breach of contract claim to recover attorney's fees. Bennigan's seeks $68,292.85 in attorney's fees incurred in pursuing its claims, $25,000 in

_____

*Id.* at 145.

[5]The Franchise Guaranty signed by Walker and Tully provides:

> "[T]he undersigned hereby personally and unconditionally (a) guarantees to Franchisor [Bennigan's] . . . that Franchisee [Channelside] shall punctually pay and perform each and every undertaking, agreement and covenant set forth in the Agreement; and (b) agrees to be personally bound by, and personally liable for the breach of, each and every provision in the Agreement . . . .
>
> Guarantor hereby consents and agrees that: (5) Guarantor agrees to pay all reasonable attorneys' fees and all costs and other expenses incurred in any collection or attempt to collect amounts due pursuant to this undertaking or any negotiations relative to the obligations hereby guaranteed or in enforcing this undertaking against Guarantor.

*Id.* at 149-50.

[6]The Agreed Judgment provides:

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Bennigan's shall have the right to seek post-judgment relief from the Court for attorneys' fees that it may be entitled to recover in the above-styled action. Bennigan's may file a motion for attorneys' fees and related expenses and costs as allowed by, and pursuant to, any applicable contracts, federal and/or state law, and Defendants may oppose Bennigan's motion[.]

Agreed Final J. at 1-2.

attorney's fees for post-judgment briefing, $1,751.28 in costs, and conditional appellate fees in the sum of $225,000.

Defendants respond that Bennigan's is not entitled to recover attorney's fees because it is not, as the Franchise Agreement requires, the prevailing party in a proceeding to assert a claim for amounts owed or to enforce the agreement.  Defendants contend that they are the prevailing parties because Bennigan's only recovered under its claim for past due royalties, which defendants maintain they conceded, whereas defendants successfully defended the other four claims.  Alternatively, defendants posit that neither side prevailed because, although defendants conceded that Bennigan's was entitled to recover on its claim for past due royalties, Bennigan's relinquished its claims for future damages and for payments due under the Development Agreement.  Defendants also maintain that Bennigan's is completely barred from recovering attorney's fees because it failed to segregate the attorney's fees incurred litigating its past due royalties claim and from those incurred litigating claims on which it did not recover.  Defendants also object to the request for fees that Bennigan's makes for post-judgment briefing.

B

In a diversity case, state law controls whether attorney's fees are recoverable and reasonable.  *See, e.g., Mathis v. Exxon Corp.,* 302 F.3d 448, 461 (5th Cir. 2002).  Texas law permits an award for attorney's fees only if authorized by statute or contract.  *See, e.g., Intercontinental Group P'ship v. KB Home Lone Star L.P.,* 295 S.W.3d 650, 653 (Tex. 2009); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex. 2006).

Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) provides that a party "may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract."  When a prevailing party in a breach of contract suit seeks attorney's fees, an award of reasonable fees is mandatory under § 38.001 if there is proof that the fees are reasonable.  *See Kona Tech. Corp. v. S. Pac. Transp. Co.,* 225 F.3d 595, 614 (5th Cir. 2000) (citing *World Help v. Leisure Lifestyles, Inc.*, 977 S.W.2d 662, 683 (Tex. App. 1998, pet. denied); *Atl. Richfield Co. v. Long Trusts*, 860 S.W.2d 439, 449 (Tex. App. 1993, writ denied)).  "To recover attorney's fees under Section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages."  *Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex. 1997) (citing *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 437 (Tex. 1995)).

In addition to the statutory right to recover attorney's fees under the provisions of § 38.001, "[p]arties are free to contract for a fee-recovery standard either looser or stricter than Chapter 38." *Intercontinental Group,* 295 S.W.3d at 653; *Mohican Oil & Gas, LLC v. Scorpion Explor. & Prod., Inc.*, 337 S.W.3d 310, 321 (Tex. App. 2011, pet. filed).  "[T]he terms of the contract, not statute, control the outcome of the case." *Mohican Oil & Gas*, 337 S.W.3d at 321; *see also Intercontinental Group,* 295 S.W.3d at 653 (determining attorney's fees according to mandatory fee-award contract and looking to § 38.001 only as instructive but not controlling).  When, as here, a contract does not define "prevailing party," "we presume the parties intended the term's ordinary meaning." *Intercontinental Group,* 295

- 7 -

S.W.3d at 653. "[T]o prevail, a claimant must obtain actual and meaningful relief, something that materially alters the parties' legal relationship. That is, a plaintiff must prove compensable injury and secure an enforceable judgment in the form of damages or equitable relief." *Id.* at 652 (citation omitted). "In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."[7] *Id.* at 654.

### C

The Agreed Judgment specifically provides Bennigan's the right to seek attorney's fees. The nature of this right, however, is found in the Franchise Agreement. It provides that a party who prevails in a proceeding that asserts either a claim for amounts owed by the Franchisee or enforcement of the Franchise Agreement is entitled to costs and expenses incurred, including reasonable accounting and legal fees.

Defendants contend that Bennigan's did not "prevail" because the Agreed Judgment

---

[7]Defendants rely on the following definition of "prevailing parties": the party "who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of its original counterclaim." *Silver Lion, Inc. v. Dolphin St., Inc.*, 2010 WL 2025749, at *18 (Tex. App. May 20, 2010, pet. denied) (mem. op.) (on rehearing) (citing *Johns v. Ram-Forwarding, Inc.*, 29 S.W.3d 635, 637-38 (Tex. App. 2000, pet. denied)). The Supreme Court of Texas rejected this "main issue" definition in *Intercontinental Group*, 295 S.W.3d at 661 (refusing to use "main issue" definition and concluding that dissent, in using it, "resurrects an old version of Black's Law Dictionary"); *Mohican Oil & Gas*, 337 S.W.3d at 324 ("[T]he supreme court has implicitly rejected [this] sort of 'main issue' analysis."); *but see Old HH, Ltd. v. Henderson*, 2011 WL 3250593, at *3 (Tex. App. July 27, 2011, no pet. h.) (mem. op.) (citing *Johns*, 29 S.W.3d at 637-38) (referring to "main issue" definition despite *Intercontinental Group*); *Horvath v. Hagey*, 2011 WL 1744969, at *7 (Tex. App. May 6, 2011, no pet.) (mem. op.) (citing *Robbins v. Capozzi*, 100 S.W.3d 18, 27 (Tex. App. 2002, no pet.)).

awarded Bennigan's damages only for its past due royalties claim—which defendants argue they conceded in the course of settlement—and not for the remaining four claims.[8] The court disagrees. Bennigan's is the "prevailing party" because it "secure[d] an enforceable judgment in the form of damages " for its injury, which "materially alter[ed] the parties' legal relationship." *Intercontinental Group,* 295 S.W.3d at 652. The Agreed Judgment awarded Bennigan's damages of $117,957.62 for past due royalties under the Franchise Agreement. This is a material alteration of the legal relationship between Bennigan's and defendants.

Defendants' argument that Bennigan's cannot recover fees because it only succeeded on one of five claims also lacks force. Although the lack of success of Bennigan's on some claims is relevant to whether it has met its obligation to segregate fees incurred on successful and unsuccessful claims, this does not preclude a recovery altogether. And the suggestion that Bennigan's did not prevail because defendants conceded the past due royalties claim is also misplaced. The court is to consider only whether Bennigan's "obtained[ed] an enforceable judgment against the defendant[s] from whom fees are sought, or comparable relief through a *consent decree or settlement*." *Intercontinental Group,* 295 S.W.3d at 654 (emphasis added).

Because Bennigan's secured an enforceable judgment in the form of damages for its

---

[8]It is undisputed that the second requirement has been met. Bennigan's instituted the legal proceeding to seek, *inter alia*, $117,957.62 in past due royalty payments. The royalty payments were required by the Franchise Agreement, and the proceeding was therefore both a claim for amounts owed by defendants and a means to enforce the obligations in the Franchise Agreement.

injury, the court holds that Bennigan's is the prevailing party under the Franchise Agreement.

D

Defendants argue that, even if Bennigan's is entitled to fees incurred in relation to its claim for past due royalties under the Franchise Agreement, the court should deny the fee application in its entirety. Defendants maintain that this is so because Bennigan's failed to segregate its fees incurred in litigating the past due royalties claim from those incurred litigating claims on which it did not prevail. Bennigan's responds that segregation is unnecessary because its fees were incurred in relation to its prevailing breach of contract claim, and the work on its misappropriation claim was not separate and distinct from the contract claim.

The court agrees with defendants to the extent of concluding that Bennigan's has failed to properly segregate its fees or to demonstrate that segregation is not required. "[F]ee claimants have always been required to segregate fees between claims for which they are recoverable and claims for which they are not." *Tony Gullo Motors,* 212 S.W.3d at 311. "[I]f any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees." *Id.* at 313. But "when discrete legal services advance both a recoverable and unrecoverable claim . . . they need not be segregated." *Id.* at 313-14. "This standard does not require more precise proof for attorney's fees than for any other claims or expense . . . . [A]n opinion would have sufficed stating that, for example, 95 percent of their drafting time would have been necessary even if there had been no [unrecoverable] claim." *Id.* at 314.

In distinguishing between recoverable and unrecoverable claims, Bennigan's errs by relying on § 38.001(8) (the statute that authorizes an attorney's fees for breach of contract claims) rather than the standard prescribed by the Franchise Agreement. As discussed above, "the terms of the contract, not statute, control." *Mohican Oil & Gas*, 337 S.W.3d at 321. Under the Franchise Agreement, Bennigan's is entitled to attorney's fees incurred litigating its claim for past due royalties because it is the prevailing party to the extent it alleged a claim for amounts owed by the Franchisee or enforcement of the Franchise Agreement. The attorney's fees for the four unsuccessful claims are not recoverable unless the "discrete legal services advance[d] both [the] recoverable and unrecoverable claim." *Tony Gullo Motors*, 212 S.W.3d at 313-14.

The court holds that the attorney's fees that Bennigan's is requesting include fees incurred in connection with prosecuting unrecoverable claims, and that Bennigan's has failed to segregate its fees between recoverable and unrecoverable claims or to substantiate how discrete legal services advanced both the recoverable and unrecoverable claims.[9]

Defendants contend that the failure of Bennigan's to segregate its fees completely bars

---

[9]The declaration of Deborah S. Coldwell, Esquire, counsel for Bennigan's, states that Bennigan's presented to the court the attorney's fees incurred in prosecuting all of its claims because "the fees Bennigan's incurred in prosecuting its breach of contract claims . . . encompassed the work the Bennigan's counsel performed in prosecuting all of Bennigan's affirmative claims." P. App. 5. This corroborates that Bennigan's has included fees for unrecoverable claims. Additionally, in the billing statements, Bennigan's includes attorney's fees incurred in connection with seeking the temporary restraining order and preliminary injunction, even in circumstances suggesting that the legal services were separable from the claim for past due royalties.

a recovery. The court disagrees. In making this argument, defendants improperly rely on *Green International*, which states that "[a] failure to segregate attorney's fees in a case containing multiple causes of action, only some of which entitle the recovery of attorney's fees, can result in the recovery of zero attorney's fees." *Green Int'l,* 951 S.W.2d at 389. This statement has not only been characterized as *dicta*, *see Air Routing International Corp. (Canada) v. Britannia Airways, Ltd.*, 150 S.W.3d 682, 693 (Tex. App. 2004, no pet.), it is also inconsistent with prior and later decisions of the Supreme Court of Texas. *Green International* contradicts *Stewart Title Guaranty Co. v. Sterling*, 822 S.W.2d 1 (Tex. 1991), which settled a split among lower appellate courts by holding that they are required to remand, not render to award no attorney's fees, when the party seeking fees fails to comply with its obligation to segregate. *See id.* at 11; *see also Britannia Airways*, 150 S.W.3d at 693. After *Green International*, the court in *Tony Gullo Motors* revisited the issue of segregation and again upheld the principle that a claimant's "failure to segregate her attorney's fees does not mean she cannot recover any"; instead, the court must remand to determine the segregated fees. *See Tony Gullo Motors,* 212 S.W.3d at 314; *see also AMX Enters., L.L.P. v. Master Realty Corp.*, 283 S.W.3d 506, 523 (Tex. App. 2009, no pet.). And although *Green International* states that failure to segregate "can" bar recovery, "'can' does not mean 'will' or 'must.'" *AMX Enters.*, 283 S.W.3d at 523.

        Bennigan's must either segregate the fees incurred on the recoverable claim for past due royalties from the unrecoverable claims or must establish that segregation is not required because the "discrete legal services advance both a recoverable and unrecoverable claim."

*Tony Gullo Motors*, 212 S.W.3d at 313-14.  The court will permit Bennigan's to do so by filing a supplemental fee application according to the above standards within 21 days of the date this memorandum opinion and order is filed.[10]  Defendants may file a response within 21 days of the date the supplemental fee application is filed, and Bennigan's may file a reply brief within 14 days of the date the response is filed.

IV

The court now turns to the request of Bennigan's for an award of anticipated appellate attorney's fees in the sum of $225,000, and it denies the request without prejudice.  "The issue of appellate attorney's fees is a matter for the district court following the resolution of an appeal."  *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.,* 334 F.3d 423, 433 (5th Cir. 2003).  Bennigan's may apply for an award of such fees if and when such fees are incurred.  *See, e.g., Wright v. Blythe-Nelson,* 2004 WL 2870082, at *4 n.6 (N.D. Tex. Dec. 13, 2004) (Fitzwater, J.).

Bennigan's also requests attorney's fees in the amount of $25,000 for additional post-judgment briefing following its fee application.  Although such fees are recoverable, *see, e.g., D.G. ex rel. B.G. v. Flour Bluff Independent School District*, 2011 WL 2118813, at *9 (S.D. Tex. May 24, 2011) (permitting plaintiff to request attorney's fees for post-trial briefing); *Goodman Sales Co. v. Asha Distributing Inc.*, 2007 WL 2457433, at *1 (S.D. Tex. Aug. 23, 2007) (awarding attorney's fees incurred for post-judgment briefing), the court denies this

---

[10]This procedure is most closely analogous to the remand procedure prescribed under Texas law.

request without prejudice.  Bennigan's has submitted records of time billed through May 31, 2011.  Should it desire to seek fees incurred in preparing its response to defendants' fee application and its own reply, it must file a supplemental fee application within 21 days of the date this memorandum opinion and order is filed.

V

The court grants the application of Bennigan's for taxable costs in the sum of $1,751.28.  The Franchise Agreement provides that the prevailing party in a claim for amounts owed by the Franchisee or enforcement of the Franchise Agreement is entitled to costs in addition to attorney's fees.  Bennigan's is the prevailing party in the claim for past due royalty payments and, as such, is entitled to recover its costs under the contract.  *See, e.g., Blockbuster, Inc. v. C-Span Entm't, Inc.*, 276 S.W.3d 482, 491 (Tex. App. 2008, no pet.) (holding that defendant was prevailing party and entitled to costs under mandatory fee award contract).  Defendants do not object to the bill of costs that Bennigan's has submitted and in which it seeks costs that are recoverable under various provisions of 28 U.S.C. § 1920.

\*    \*    \*

Accordingly, the court grants the June 2, 2011 motion for attorney's fees and costs of Bennigan's to the extent of concluding that Bennigan's is entitled to recover the fees that it

establishes are reasonable through its submission of a supplemental fee application.  The

court denies defendants' June 30, 2011 motion for attorney's fees.

**SO ORDERED.**

September 6, 2011.

SIDNEY A. FITZWATER
CHIEF JUDGE