IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BENNIGAN'S FRANCHISING          §
COMPANY, LLC,                   §
                                §
                   Plaintiff,   §
                                §   Civil Action No. 3:11-CV-0364-D
VS.                             §
                                §
TEAM IRISH, INC., et al.,        §
                                §
                   Defendants.   §

MEMORANDUM OPINION
AND ORDER

Plaintiff Bennigan's Franchising Company, LLC ("Bennigan's") moves for an award of attorney's fees following its settlement with defendants Team Irish, Inc., BENN of Channelside, Inc., James A. Tully, and Mitchell J. Walker. For the reasons that follow, the court awards Bennigan's the sum of $81,556.16 in attorney's fees.

I

The background facts and procedural history of this case are set out in *Bennigan's Franchising Co. v. Team Irish, Inc.*, 2011 WL 3903068 (N.D. Tex. Sept. 6, 2011) (Fitzwater, C.J.) ("*Bennigan's I*"), and need not be repeated at length. The court will focus instead on the facts and history necessary to understand today's decision.

Bennigan's applies for an award of attorney's fees and related expenses and costs under the terms of the agreed final judgment in this case. In *Bennigan's I* the court held that, under the parties' franchising agreement, Bennigan's is entitled to recover attorney's fees incurred in litigating its claim for past due royalties because it prevailed on this claim, but

it is not entitled to recover fees and expenses for the other claims on which it did not prevail. *Id.* at *4.  The court was unable to determine the amount that should be awarded because Bennigan's "failed to segregate its fees between recoverable and unrecoverable claims or to substantiate how discrete legal services advanced both the recoverable and unrecoverable claims." *Id.* at *5.  The court permitted Bennigan's to file a supplemental fee application to cure this defect and to request fees for post-judgment briefing. *Id.* at *5-6. Defendants have not responded to the supplemental fee application, and it is ripe for resolution.

## II

In examining the supplemental fee application, the court focuses on two issues that defendants raised in response to the original motion that Bennigan's filed.  First, defendants contend that Bennigan's failed to properly segregate recoverable and unrecoverable fees. Second, they maintain that Bennigan's was unreasonable in using "an army of lawyers" to litigate "unreasonable claims" in addition to the past due royalties claim that they contend they conceded early in the litigation.  D. Br. 11.

## A

The court will first consider whether segregation is necessary, and if so, the extent to which it is required.[1]  "[F]ee claimants have always been required to segregate fees between claims for which they are recoverable and claims for which they are not." *Tony Gullo*

---

[1]In considering the two issues that defendants raise, the court follows the order used by *In re Lesikar*, 285 S.W.3d 577, 585-86 (Tex. App. 2009, no pet.) (directing trial court on remand to examine segregation first and then determine whether fees were reasonable).

*Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006).  "[I]f any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees."  *Id.* at 313.  But "when discrete legal services advance both a recoverable and unrecoverable claim . . . they need not be segregated."  *Id.* at 313-14.  "This standard does not require more precise proof for attorney's fees than for any other claims or expenses . . . .  [A]n opinion would have sufficed stating that, for example, 95 percent of their drafting time would have been necessary even if there had been no [unrecoverable] claim."  *Id.* at 314.

Bennigan's essentially concedes that segregation is necessary.  But it contends that segregation should only apply to the attorney's fees it seeks for (1) researching and briefing its request for injunctive relief and supporting documents and (2) drafting the statements for each cause of action in its complaint.  Bennigan's posits that the fees incurred in seeking injunctive relief amounted to no more than 7% to 10%[2] of the total fees because the parties resolved their dispute before the injunction briefing was completed, and that the fees incurred in drafting the claims of the complaint equaled significantly less than 5%.  Therefore, its request represents, at most, a 15% reduction in fees.

---

[2]In its supplemental fee application and supporting evidence, Bennigan's actually stated that it was requesting a reduction of at most "five to seven percent (7% – 10%)" for the fees incurred in relation to its request for injunctive relief.  P. Supp. Br. 3; P. Supp. App. 4. The court will apply a 7% to 10% reduction rather than a 5% to 7% reduction because it is more harmonious with the balance of the fee application.  Moreover, such an adjustment will enable the total requested reduction to equal 15%, which is more in line with the scope of the unrecoverable claims.

Bennigan's has satisfied its obligation to segregate recoverable from unrecoverable fees by reducing the total requested fees by 15%. In its application, Bennigan's properly segregated the fees incurred in seeking injunctive relief, because Bennigan's sought that relief solely in connection with an unrecoverable claim: breach of the franchise agreement's covenant not to compete. Bennigan's also recognized that it is not permitted to recover fees incurred in drafting pleadings for unrecoverable claims. *See id.* at 313 ("But when [plaintiff's] attorneys were drafting her pleadings . . . relating to [the unrecoverable claim], there is no question those fees were not recoverable"). The requested reduction (15%) is supported by the record. This is confirmed, for example, by the billing statements that Bennigan's offers. These include time spent on unrecoverable claims, and the evidence supports a finding that the remaining fees would have been incurred even had the unrecoverable claims not been asserted. *See, e.g., Am. Int'l Indus., Inc. v. Scott*, ___ S.W.3d ___, 2011 WL 1631764, at *8 (Tex. App. Apr. 28, 2011, no pet.) (affirming award of attorney's fees because record reflected that all requested fees would have been necessary even if recoverable claim was the only claim). Moreover, defendants have neither contested nor presented controverting evidence regarding whether the segregation requirement was satisfied. *See Penhollow Custom Homes, LLC v. Kim*, 320 S.W.3d 366, 375 (Tex. App. 2010, no pet.) (in holding that testimony of plaintiffs' attorney established that attorney's fees were sufficiently segregated, noting that defendants did not present any controverting evidence).

Bennigan's has introduced evidence showing that it incurred attorney's fees totaling

- 4 -

$64,091.60.[3]  After applying a 15% reduction, Bennigan's now requests a fee award of $54,477.86.

B

The court now reviews the reasonableness of the sum of $54,477.86 in requested fees. To determine the reasonableness of an attorney's fees award being made under Texas law, the court should consider the following eight factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
> (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (alteration

---

[3]The relevant time period for which Bennigan's may request attorney's fees incurred on its past due royalties claim is from the inception of the dispute (i.e., January 18, 2011) to the date of the agreed final judgment (i.e., May 19, 2011). In *Bennigan's I* the court addressed the request of Bennigan's for attorney's fees in the sum of $68,292.85. *Bennigan's I*, 2011 WL 3903068, at *2. Because that sum included fees incurred after the filing of the agreed final judgment (from May 20 to May 31, 2011), Bennigan's has revised its request to seek $64,091.60 in its supplemental fee application.

in original); *see also, e.g., Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 567 (Tex. App. 2004, no pet.); *Acad. Corp. v. Interior Buildout & Turnkey Constr., Inc.*, 21 S.W.3d 732, 741-42 (Tex. App. 2000, no pet.). The eight factors are not elements of proof; instead, they are general guidelines to be considered when determining the reasonableness of a fee. *See, e.g., Petco Animal Supplies*, 144 S.W.3d at 567; *Acad.*, 21 S.W.3d at 742. Moreover, it is unnecessary for the record to include evidence on each factor. *See, e.g., Griffin v. Long*, 2011 WL 5545942, at *5 (Tex. App. Nov. 9, 2011, no pet. h.) (mem. op.) (on rehearing); *State & Cnty. Mut. Fire Ins. Co. v. Walker*, 228 S.W.3d 404, 408 & n.8 (Tex. App. 2007, no pet.) (citing cases).

The lead counsel for Bennigan's, Deborah Coldwell, Esquire "(Coldwell"), avers that she has been a licensed attorney in Texas since November 1990, and that during this time she has focused on commercial litigation and, in particular, franchise and distribution litigation. According to Coldwell, her hourly billing rate for this case ranged from $455.40 to $495.00 per hour, and that the billing rates of the two associates who primarily assisted her ranged from $319.29 to $351.00 per hour.  Others provided legal services, but their billings were minimal.[4]  Coldwell avers that, together, the attorneys expended about 172.9 hours for the

---

[4]The list includes a partner who charged $405.00 for each of the 9.8 hours he billed, a partner who charged $518.00 per hour for the 0.3 hours she billed, a partner who charged $690.00 per hour for the one hour she billed, an associate who charged $280 per hour for the 0.4 hours she billed, a paralegal who charged $195 per hour for the 1.4 hours she billed, and an Internet specialist who charged $195 per hour for the 2.9 hours he billed.

- 6 -

lawsuit.[5]  Coldwell opines that the requested fees are reasonable and customary as compared to fees charged by attorneys throughout the country, the Northern District of Texas, and Dallas County for similar breach of contract cases in federal court.  Moreover, after the fees are segregated, the remaining requested attorney's fees relate to the past due royalties claim.

Upon comparing the evidence in this case to other Texas cases, the court holds that fees requested by Bennigan's are reasonable and supported by the evidence.  *See, e.g., Griffin*, 2011 WL 5545942, at *10 (affirming attorney's fees award as supported by evidence, such as that counsel spent over 600 hours on suit, customary fee for locale was $250 to $300 per hour for counsel and $150 per hour for associate counsel, novelty and complexity of case was one reason why parties agreed to bench trial, counsel believed low likelihood of settlement due to past experience with defendant, relationship with counsel began in 1997, counsel was well-known in community and experienced in field at issue); *Walker*, 228 S.W.3d at 408-09 (holding that, although plaintiff's attorney did not bring time records to hearing, evidence was legally sufficient to support fee award because of testimony that attorney had been licensed and practiced in county for 30 years; the attorney billing rates,

---

[5]Although Bennigan's does not provide the total number of hours expended on the litigation from the inception of the suit to the filing of the agreed final judgment, in light of the discussion *supra* at note 3, the court derives this number from the original assertion of Bennigan's that it expended 184.5 hours, including the time billed from May 20 to May 31, 2011, and it reduces this figure by the hours on the fee statement billed from May 20 to May 31 (i.e., 11.60 hours).  Any possible error in the court's calculation is unlikely to be so large that it would materially affect the court's decision.  Moreover, it is well established that it is unnecessary for Bennigan's to offer evidence on each factor, *see, e.g., Griffin*, 2011 WL 5545942, at *5, and, even if this were required, defendants have not objected to the failure of Bennigan's to do so.

including one that was $495, were reasonable and customary within county; the requested fees were incurred on the recoverable claim; and case involved unique circumstance); *Acad.*, 21 S.W.3d at 742 (affirming fee award based on attorney testimony that he had been practicing law for 13 years and was board certified; his firm had expended 1200 hours on the case, which he opined were reasonable and necessary, and that listed the work of attorneys; the billing rate ranged from $100 to $150 per hour, which attorney opined was comparable to other attorneys' rates for similar cases and were reasonable and necessary to prosecute claims).

Moreover, defendants' conclusory contention that Bennigan's used "an army of lawyers" when a "first-year associate could have prepared and filed the consent judgment," D. Br. 11, is unsupported.  Defendants have failed to submit evidence that supports these assertions or rebuts the evidence that Bennigan's has presented in its supplemental fee application.  *See Petco Animal Supplies*, 144 S.W.3d at 567 ("Clear, direct, and uncontroverted evidence of attorney's fees is taken as true as a matter of law."); *Aquila Sw. Pipeline, Inc. v. Harmony Exploration, Inc.*, 48 S.W.3d 225, 241 (Tex. App. 2001, no pet.) (noting failure of opposing party to challenge or offer proof to rebut evidence in support of attorney's fees application).  And defendants' contention that Bennigan's persisted in litigating unreasonable claims—despite defendants' early concession on the past due royalties claim—lacks force because the process of segregation already excludes fees incurred in litigating unrecoverable claims.

- 8 -

C

After considering the issues of segregation and reasonableness of an attorney's fees request, the court awards Bennigan's attorney's fees in the amount of $54,477.86.

III

The court now turns to the request of Bennigan's for attorney's fees incurred in post-judgment briefing. Bennigan's seeks fees in the amount of $27,078.30.  In support, Coldwell avers that the attorneys spent 73 hours preparing and filing the motion for attorney's fees, response to defendants' motion for attorney's fees, and other related briefing. The partners charged from $495.00 to $518.00 per hour, and the associates charged $320.00 to $351.00 per hour.  Coldwell opines that these fees are reasonable and consistent with the prevailing rates charged by comparable attorneys in the Northern District of Texas and Dallas County.

The court finds, in light of Texas decisions discussed *supra* at § II(B), that the requested fees are reasonable and necessary, especially given the absence of any opposition response to this request.

\*   \*   \*

For the reasons explained, the court grants the June 2, 2011 motion of Bennigan's for attorney's fees, as supplemented on September 27, 2011, and awards Bennigan's the sum of

$81,556.16 in attorney's fees.

**SO ORDERED.**

November 28, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE